**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**BUCKEYE STEAMSHIP COMPANY,
Defendant-Appellant.**

**No. 14306.**

United States Court of Appeals
Sixth Circuit.

March 21, 1961.

Lucian Y. Ray, Cleveland, Ohio (Mc-Creary, Hinslea & Ray, Lee C. Hinslea, Cleveland, Ohio, on the brief), for defendant-appellant.

Mark R. Joelson, Dept. of Justice, Washington, D. C. (Geo. S. Leonard Acting Asst. Atty. Gen., Russell E. Ake, U. S. Atty., Cleveland, Ohio, Morton Hollander, Atty., Dept. of Justice, Washington, D. C., on the brief), for plaintiff-appellee.

Before MILLER, Chief Judge, and CECIL and WEICK, Circuit Judges.

PER CURIAM.

The only issue raised on this appeal is the constitutionality of that portion of Section 673, Title 46 U.S.C.A., which provides in substance that no licensed officer or seaman in the deck or engine department of any tug documented under the laws of the United States, with certain exceptions, navigating the Great Lakes "shall be required or permitted to work more than eight hours in one day except in case of extraordinary emergency affecting the safety of the vessel and/or life or property."

Appellant concedes that the statute was violated, but contends that the portion of the statute above referred to arbitrarily and unreasonably discriminates against the operation of Great Lakes tugs and in favor of the operation of tugs elsewhere, in violation of the Due Process Clause of the Fifth Amendment to the Constitution of the United States.

■ The District Judge, in an opinion reported at United States v. Buckeye Steamship Company, 183 F.Supp. 644, held that there is no requirement of nationwide uniformity in connection with the commerce clause, such as exists in respect of duties, imposts and excise taxes, Currin v. Wallace, 306 U.S. 1, 13–

14, 59 S.Ct. 379, 83 L.Ed. 441; that Congress in enacting legislation has the power to classify, in the exercise of which it has a broad discretion, and that it is for Congress and not the courts to balance the advantages and disadvantages of the classification which it makes, Williamson v. Lee Optical Co., 348 U.S. 483, 487, 75 S.Ct. 461, 99 L.Ed. 563; and that in enacting the legislation under attack Congress had before it adequate factual data upon which to base its decision as to the need and desirability of legislation; and that it did not act arbitrarily or without rational basis in making the requirement applicable only to tugs on the Great Lakes. Clark v. Paul Gray, Inc., 306 U.S. 583, 594, 59 S.Ct. 744, 83 L.Ed. 1001; Detroit Bank v. United States, 317 U.S. 329, 338, 63 S.Ct. 297, 87 L.Ed. 304; N. L. R. B. v. Jones & Laughlin, 301 U.S. 1, 46, 57 S. Ct. 615, 81 L.Ed. 893.

We concur in the ruling of the District Judge for the reasons given and on authorities cited in said opinion.

The judgment is affirmed.